PHILIP WASSERMAN et al., Respondents, v. JOHNROY PROPERTIES, INC., Tenant, and RUBYMAR CORPORATION, Appellant.— In this summary proceeding for non-payment of rent, the undertenant appeals from an order of the Appellate Term, made October 30, 1953, which modified a judgment of the Municipal Court of the City of New York, Borough of Queens, in favor of said undertenant upon its counterclaim, and from another order of said Appellate Term made on December 3, 1953, which granted motions of both the landlords and the under-tenant for reargument and, on such reargument, reversed the said judgment of the said Municipal Court, directed judgment in favor of the landlords and dismissed the counterclaim "without prejudice to such action as the respondent [the undertenant] may be advised to institute with respect to the security under the lease." Order of December 3, 1953, affirmed, with costs. No opinion. Appeal from order of October 30, 1953, dismissed, without costs. Nolan, P. J., Wenzel and Schmidt, JJ., concur. Beldock, J., with whom Adel, J., concurs, dissents and votes to reverse the determination of the Appellate Term and to affirm the judgment of the Municipal Court, with the following memorandum: On September 22, 1950, the landlords' predecessor in title leased the premises to the tenant in this proceeding for ten years. The tenant deposited $6,000 as security. On December 22, 1950, the landlords in this proceeding became the owners of the property, at which time they were given credit, as against the purchase price, for the $6,000 security. On July 22, 1951, the tenant assigned the lease, together with the $6,000 security, to the undertenant in this proceeding. The rent due October 22, 1951, was not paid. By notice, dated November 8, 1951, the landlords elected to terminate the lease on November 19, 1951, by reason of such failure to pay the rent. This nonpayment summary proceeding was insti-tuted on November 15, 1951, for failure to pay one month's rent due October 22, 1951. The undertenant's answer, interposed November 20, 1951, contained a counterclaim for conversion of the security. At the hearing of the summary proceeding, the landlords claimed that they had the $6,000 in an envelope in a vault up to December 8, 1951, at which time they procured a bank check, and on December 10, 1951, opened an account in their joint names with a deposit of $6,000. The Trial Justice did not credit the testimony of the landlords that they had the $6,000 in the vault up to December 8, 1951. On May 15, 1953, judg-ment was entered in the Municipal Court for the tenant for $6,000, less the rent due October 22, 1951. On October 30, 1953, the Appellate Term modified the judgment by crediting four months' rent due to the landlord against the $6,000 security, instead of the one month's rent which formed the basis for the sum-mary proceeding. On December 3, 1953, on reargument, the Appellate Term reversed the judgment of the Municipal Court, granted judgment to the land-lords for one month's rent due October 22, 1951, and dismissed the counterclaim without prejudice to such action as the undertenant may be advised to institute with respect to the security. In my opinion, the cause of action for conversion was complete at the time of the commencement of the summary proceeding on November 15, 1951. The evidence shows that the security was not then segre-

gated. The $6,000 had not been deposited in a bank account on that date. The trial court did not believe that the landlords had the $6,000 in the vault at that time, as claimed by them. The evidence presented a pure question of fact. Furthermore, the lease here came to an end, by reason of the notice served by the landlords on November 8, 1951, and the landlord-tenant relationship ceased when the undertenant removed on January 24, 1952, after the entry of the final order in December, 1951. [See *post*, p. 850.]